**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10547 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00679-SRB-3 |
| v. | |
| KINGSLEY LLOYD BOWEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 20, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Kingsley Lloyd Bowen appeals his convictions of Conspiracy to Possess

with Intent To Distribute 1,000 Kilograms or More of Marijuana (21 U.S.C. §§

846; 841(a)(1); 841(b)(1)(A)(vii)); Conspiracy to Launder Monetary Instruments

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(18 U.S.C. § 1956(h)); Conspiracy to Destroy or Remove Property to Prevent Seizure (18 U.S.C. § 371); and Destruction or Removal of Property to Prevent Seizure (18 U.S.C. § 2232(a)). Because the parties are familiar with the history of the case, we need not recount it here. We affirm the district court.

## I

The district court did not abuse its discretion by denying Bowen's motion to continue his sentencing hearing. A district court has "broad discretion" to grant or deny a continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010). Its decision "will not be disturbed on appeal absent clear abuse of that discretion." *Id.* at 1126-27 (internal quotation marks omitted). The district court did not abuse its discretion by denying the motion for a continuance because Bowen had enough time to analyze the error found in Exhibit 299, and he did not specifically explain why a continuance would have been necessary given his familiarity with Exhibit 299 and the underlying shipping records. *See United States v. Sarno*, 73 F.3d 1470, 1493 (9th Cir. 1995) (Although "additional time can often be put to good use," "general allegations that a continuance would have allowed [the defendant] to prepare a better defense . . . are insufficient to allow [the Court] to find an abuse of discretion.").

## II

The district court did not abuse its discretion by declining to construe Bowen's motion for continuance as a motion for a new trial. A "motion must state the grounds on which it is based and the relief or order sought." FED. R. CRIM. P. 47(b). Bowen clearly requested a continuance of his sentencing, not a new trial. Indeed, Bowen's motion in response to the government's Notice of Errata was titled "Request for Continuance of Sentencing."

**AFFIRMED.**